UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE WILLIAM MENDEZ,

    Petitioner,

    v.

GARY SWARTHOUT, Warden,

    Respondent.
_____/

No. C-13-2797 EMC (pr)

**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE**

## I.  INTRODUCTION

Jesse William Mendez, an inmate at the California State Prison - Solano, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His motion for a stay and abeyance also is before the Court for consideration.

## II.  BACKGROUND

The petition and attachments thereto provide the following information: Mendez was convicted in Alameda County Superior Court of attempted murder of a police officer, being a felon in possession of a firearm, and shooting from a motor vehicle. On March 29, 2010, he was sentenced to life imprisonment plus 23 years.

Mendez appealed. The judgment of conviction was affirmed by the California Court of Appeal in 2011 and his petition for review was denied by the California Supreme Court in 2012. Mendez also filed petitions for writ of habeas corpus in the state courts, one of which now is pending in the California Supreme Court. He then filed this action.

## III.  DISCUSSION

A.  Review of Petition

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims:  (1) Mendez's Sixth Amendment right to confront witnesses was violated when the trial court limited his cross-examination of sergeant Jones about a witness and a DVD; (2) Mendez's Sixth Amendment right to the effective assistance of counsel was violated; (3) Mendez's Fourteenth Amendment right to a fair trial was violated when the prosecutor failed to correct sergeant Jones' false testimony; and (4) Mendez's Fourteenth Amendment right to due process was violated by the suppression of material evidence.  Liberally construed, the claims are cognizable claims for habeas relief.

B.  Motion For Stay and Abeyance

Mendez has moved to stay these proceedings and hold his petition in abeyance so that he may exhaust state court remedies for several of his claims.  He urges that the ineffectiveness of trial counsel and suppression of evidence by the prosecution that prevented him from knowing information relevant to his new claims provides good cause for filing his federal petition containing some unexhausted claims.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  His claims do not appear meritless and his failure to exhaust before filing this action does not appear to be an intentional tactic to delay the proceedings, especially as he has already filed a petition in the California Supreme Court to present those claims.  Liberally construed, the *pro se* motion satisfies the criteria identified in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), in which the Court explained

that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Petitioner's motion to stay and hold these proceedings in abeyance is **GRANTED**. (Docket # 2.) The Court will stay this action. Petitioner is cautioned that he must act diligently to promptly return to federal court after his state court proceedings have concluded. *See Rhines*, 544 U.S. at 277-78.

## IV.  CONCLUSION

The petition states cognizable claims for habeas relief. However, the Court will not at this time order Respondent to show cause why the petition should not be granted because Petitioner has requested a stay so that he may exhaust state court remedies.

This action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until Petitioner exhausts his unexhausted claims and, within thirty days of doing so, moves to reopen this action and lift the stay.

IT IS SO ORDERED.

Dated: July 8, 2013

_____
EDWARD M. CHEN
United States District Judge

3