UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE W. MENDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>    Respondent.<br>_____/ | No. C-13-2797 EMC (pr)<br><br>**ORDER LIFTING STAY, REOPENING ACTION, AND FOR SERVICE ON RESPONDENT** |

## I. INTRODUCTION

Petitioner, an inmate at the Pleasant Valley State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. When he filed his original petition, Petitioner requested and received a stay of these proceedings so that he could return to state court to exhaust one or more unexhausted issues. He now reports that he has concluded his efforts to exhaust his claims, and wishes to proceed with the amended petition (Docket # 7.) His amended petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. His request for appointment of counsel also is before the Court for consideration.

## II. BACKGROUND

The amended petition and attachments thereto provide the following information: Petitioner was convicted in Alameda County Superior Court of attempted murder of a police officer, being a felon in possession of a firearm, and shooting from a motor vehicle. On March 29, 2010, he was sentenced to life imprisonment plus 23 years.

Petitioner appealed.  The judgment of conviction was affirmed by the California Court of Appeal in 2010 or 2011 and his petition for review was denied by the California Supreme Court in 2012.  Petitioner also filed petitions for writ of habeas corpus in the state courts.  The California Court of Appeal denied one petition for writ of habeas corpus in December 2011.  Petitioner filed another petition for writ of habeas corpus in the California Supreme Court on June 11, 2013, and the court denied that petition on April 30, 2014.

The original federal petition for writ of habeas corpus in this action was signed on June 18, 2013, and stamped "filed" at the Court on June 18, 2013.  Petitioner crossed out the preprinted part of the form petition that stated he had mailed the petition, and one of the documents that came with the petition has a proof of service suggesting that the petition and accompanying documents were mailed to the court by someone outside prison.  *See* Docket # 1 at 23; Docket # 4 at 195-196.   The amended petition for writ of habeas corpus has a May 19, 2014 signature date, came in an envelope with a May 20, 2014 postmark, and was stamped "filed" at the Court on May 22, 2014.

### III.   DISCUSSION

This action was stayed and administratively closed so that Petitioner could exhaust state court remedies as to several of the claims in his petition for writ of habeas corpus.  Petitioner has filed an amended petition that indicates that he has exhausted his state court remedies and is ready to proceed.  Accordingly, the stay of this action is lifted.  The clerk will reopen this action that had been closed administratively.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's conviction became final and therefore may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

Petitioner has requested appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED. (Docket # 8.)

## IV. CONCLUSION

Good cause appearing therefor,

1. The stay of proceedings is lifted. The Clerk will reopen this action that had been closed administratively.

2. The Clerk shall serve a copy of this order and the amended petition (Docket # 7) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file with the Court and serve upon Petitioner, on or before **October 24, 2014**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

4. If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **November 21, 2014**.

5. Respondent may file and serve a reply on or before **December 5, 2014**.

6. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

7. Petitioner's motion for appointment of counsel is DENIED. (Docket # 8.)

IT IS SO ORDERED.

Dated: August 28, 2014

_____
EDWARD M. CHEN
United States District Judge