UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE W. MENDEZ,

   Petitioner,

  v.

SCOTT FRAUENHEIM, Warden,

   Respondent.
_____/

No. C-13-2797 EMC (pr)

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner, an inmate at the Ironwood State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner requested and received a stay of these proceedings so that he could return to state court to exhaust one or more unexhausted claims. Later, after he reportedly concluded his efforts to exhaust his claims, the stay was lifted. Noting that the action appeared to be time-barred, the Court directed Respondent to file a motion to dismiss for untimeliness or notify the court if Respondent was of the opinion that a motion to dismiss is unwarranted. Respondent has notified the Court that a motion to dismiss is unwarranted. The amended petition therefore is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. BACKGROUND

The amended petition and attachments provide the following information: Petitioner was convicted in Alameda County Superior Court of attempted murder of a police officer, being a felon in possession of a firearm, and shooting from a motor vehicle. On March 29, 2010, he was

sentenced to life imprisonment plus 23 years. Petitioner filed an unsuccessful appeal and unsuccessful habeas petitions in the state courts.

### III.  DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The amended petition alleges the following claims: (1) the prosecutor's failure to correct sergeant Jones' false testimony violated Petitioner's Fourteenth Amendment right to a fair trial; (2) Petitioner was denied his Sixth Amendment right to the effective assistance of counsel in the ways described in the amended petition; (3) Petitioner's Fourteenth Amendment right to due process was violated by the suppression of material evidence; (4) Petitioner's Sixth Amendment right to confrontation was violated when the court sustained a hearsay objection to a defense cross-examination question for sergeant Jones about an unidentified witness; (5) Petitioner's Sixth Amendment right to confrontation was violated when the court excluded as hearsay a statement by sergeant Jones; and (6) the denial of a defense request for a continuance violated Petitioner's federal constitutional rights to due process and compulsory process. Liberally construed, the claims are cognizable in a federal habeas action.

### IV.  CONCLUSION

For the foregoing reasons,

1. The amended petition warrants a response.

2. Respondent must file and serve upon Petitioner, on or before **January 23, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition. <u>Respondent's memorandum of</u>

points and authorities may not exceed 50 pages, unless he obtains further order of the Court permitting a brief longer than 50 pages.

      3. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **February 20, 2015**.  The traverse may not exceed 25 pages, unless Petitioner obtains further order of the Court permitting a traverse longer than 25 pages.

      4. Petitioner is responsible for prosecuting this case.  Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

      5. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: November 12, 2014

_____
EDWARD M. CHEN
United States District Judge

3